IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DEWAYNE ALLEN KNOWLES,          )
                                )
          Petitioner,           )
                                )
                                )    CIV-08-1018-D
v.                              )
                                )
GREG PROVINCE,                  )
                                )
          Respondent.           )

REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for two counts of Robbery with a Dangerous Weapon after two or more felony convictions, Unauthorized Use of a Motor Vehicle, Possession of Controlled Dangerous Substance after two or more felony convictions, and two counts of Kidnaping after two or more felony convictions entered in the District Court of Oklahoma County, Case No. CF-2002-3574. Respondent has responded to the Petition and filed the relevant state court records. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that

1

the Petition be dismissed with prejudice as it is untimely.

According to the Petition and evidentiary documents attached thereto, in Case No. CF-2002-3574 Petitioner entered a plea of guilty on July 10, 2003, to charges of Unauthorized Use of a Motor Vehicle and Possession of Controlled Dangerous Substance, and he entered a plea of *nolo contendere* to two counts of Robbery with a Dangerous Weapon and two counts of Kidnaping, all after former conviction of two or more felonies.  Petitioner was sentenced for these convictions on July 21, 2003.  Although Petitioner states that he was sentenced to terms of imprisonment of 20 years and 23 years, he does not indicate which of these sentences apply to which convictions.

Petitioner admits that he did not appeal the convictions.  Petitioner states that he first sought post-conviction relief with respect to these convictions on May 24, 2007, by filing an application for post-conviction relief in the state district court.  Petitioner states that the post-conviction application was denied on June 20, 2007, Petitioner states that he again sought post-conviction relief by filing a second post-conviction application in the state district court on March 3, 2008.  Petitioner states that his second post-conviction application was denied on April 30, 2008.

In the Petition filed herein on September 24, 2008, Petitioner alleges that he was denied effective assistance of counsel.  As support for this claim, Petitioner contends that his defense counsel failed to challenge the sufficiency of the charging information, failed to advise him of the opportunity to challenge a witness's testimony at trial, and urged him to enter pleas to the charges because he "had no choice, the prosecution was out to get me."

2

Petition, at 6.  Petitioner asserts that he raised this issue in the state courts in his post-conviction applications.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214.  The AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1).  As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336  (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

 Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The Petition is not timely filed pursuant to 28 U.S.C. § 2244(d)(1)(A).  Petitioner pled guilty in the previously-described criminal cases on June 10, 2003, and was sentenced on July 21, 2003. Because Petitioner did not file a motion to withdraw the plea or timely seek to appeal the plea-based convictions, the convictions became "final" under 28 U.S.C. § 2244(d)(1)(A) on July 31, 2003, ten days after the pronouncement of the judgment and sentence.  See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App.  The one-year limitation period applicable to the Petitioner's filing of a federal habeas petition

expired one year later, on July 31, 2004, absent statutory or equitable tolling exceptions.

The 28 U.S.C. § 2244(d)(1) limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. § 2244(d)(2). Petitioner's post-conviction applications filed in 2007 did not operate to toll the running of the one-year limitation period because both applications were filed after the limitation period expired. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).

Petitioner claims that equitable tolling should apply to extend the limitation period. In this circuit, the § 2244(d)(1) limitation period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).  In Miller, the circuit court contemplated that extraordinary circumstances, i.e., "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," may warrant equitable tolling of the § 2244(d)(1) limitation period. Id. at 978.  Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," but equitable tolling is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  Even in cases

4

involving such extraordinary circumstances, the Tenth Circuit has recognized that §2244(d)(1) also "requires inmates to diligently pursue claims" in state and federal courts." Miller, 141 F.3d at 978.  Accord, Clark, 468 F.3d at 714; Gibson, 232 F.3d at 808.

In his Petition, Petitioner asserts as reasons why his Petition should be found to be timely filed that he "did not discover [he] was prejudiced by counsel's performance until April 2007, [and he] did not obtain copy of preliminary hearing transcripts to show the state's witnesses specific testimony could be challenged at trial as unreliable until March 2008." Petition, at 14.  In a "declaration" attached to the Petition, Petitioner asserts that he was unaware of the legal basis for his claim of ineffective assistance of counsel until he received assistance beginning in April 2007 from a "fellow inmate" and later in 2007 from another "fellow inmate." Petition, Ex. C, at 2.  Petitioner also asserts in his "declaration" that he had no funds to hire counsel and did not receive copies of the preliminary hearing transcript in his criminal case until March 2008.  Petition, Ex. C, at 3, 4.

Petitioner's assertion that he was unaware of the legal basis of his ineffective assistance of counsel claim until 2007 does not excuse the nearly four year delay before Petitioner challenged his convictions in state court and the five year delay in seeking federal habeas relief.  See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.")(quotation omitted).  Although habeas petitions may be timely filed one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), Petitioner has

5

not shown that the state court records he contends he received in March 2008 provide a factual basis for his Sixth Amendment claim of ineffective assistance of counsel that was previously undiscoverable with due diligence.  Petitioner has made no effort to demonstrate his actual innocence.  <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)(showing of actual innocence to avoid procedural bar requires habeas petitioner to "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial").  Because Petitioner has failed to show the existence of extraordinary circumstances or diligent pursuit of his federal claims, equitable tolling of the limitation period is not warranted.  Accordingly, the time-barred Petition should be dismissed with prejudice.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED WITH PREJUDICE as time-barred.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by _____October 20th_____ , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ____30th____ day of ____September____, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE