**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEWAYNE ALLEN KNOWLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-08-1018-D |
| | ) | |
| | ) | |
| GREG PROVINCE, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, a state prisoner appearing *pro se*, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges his conviction for two counts of Robbery with a Dangerous Weapon after two or more felony convictions, Unauthorized Use of a Motor Vehicle, Possession of Controlled Dangerous Substance after two or more felony convictions, and two counts of Kidnaping after two or more felony convictions. The challenged convictions were entered in the District Court of Oklahoma County. In accordance with 28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. On September 30, 2008, the Magistrate Judge filed a Report and Recommendation [Doc. No. 5] in which he recommended that the petition be dismissed with prejudice as untimely. Because Petitioner has objected, the matter is reviewed *de novo*.

As the Magistrate Judge noted, the record reflects that, on July 10, 2003, Petitioner entered a plea of guilty to the unauthorized motor vehicle and controlled substances charges; he entered a plea of *nolo contendere* to the kidnaping and robbery with a dangerous weapon charges. He was sentenced on July 21, 2003, and he admits he did not appeal. However, as explained at page 2 of

the Report and Recommendation, he sought post-conviction relief in 2007 and 2008, and both applications were denied.   He filed this action on September 24, 2008.

Pursuant to 28 U. S. C. § 2244(d)(1), habeas actions filed by persons in custody pursuant to state court judgments are governed by a one-year statute of limitations.    The Report and Recommendation explains in detail the dates relevant to the commencement of the statute of limitations on Petitioner's habeas claims,[1] and correctly concludes that the limitations period expired on July 31, 2004, absent statutory or equitable tolling exceptions.

The limitation period in § 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim" is pending.  28 U. S. C. § 2244(d)(2).  As the Magistrate Judge noted, Petitioner's post-conviction relief applications do not toll the limitations period in this case because they were filed after the expiration of the one-year limitations period.  *Clark v. Oklahoma*, 468 F. 3d 711, 714 (10th Cir. 2006).  Therefore, Petitioner cannot benefit from the applicable statutory tolling provisions in this case.

There are certain circumstances in which equitable tolling of the limitations period applies. As the Magistrate Judge explained, however, equitable tolling applies only in extraordinary circumstances.  *See, e.g.,Gibson v. Klinger*, 232 F. 3d 799, 808 (10th Cir. 2000).  In this case, Petitioner argues that equitable tolling should permit the belated filing of this action.  The Magistrate Judge discussed in detail each of Petitioner's arguments and concluded, at pages 4 through 6 of the Report and Recommendation, that those arguments are insufficient to support the

---

[1]That discussion, at pages 3-4 of the Report and Recommendation, need not be repeated here, but is adopted as though fully set forth herein.

application of equitable tolling in this case. The Court agrees, and concludes that Petitioner has failed to establish the extraordinary circumstances required to equitably toll the limitations period on his claims.

Petitioner's objection to the Report and Recommendation does not alter the Court's conclusion. He offers no argument or authority that would warrant rejection of the Magistrate Judge's recommendation in this case.[2]

Accordingly, having reviewed the matter *de novo* and having fully considered Petitioner's objection, the Court adopts the Report and Recommendation [Doc. No. 5]. This action is dismissed with prejudice as untimely.

IT IS SO ORDERED this 27th day of February, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] On the same date he filed objections to the Report and Recommendation, Petitioner filed a Motion to Appoint Counsel [Doc. No. 7] and a Motion for Evidentiary Hearing [Doc. No. 8]. Because the Court has concluded that this action must be dismissed as untimely, both motions are DENIED.